**BOOTH LLP**
Joshua N. Levine (SBN 171840)
11835 W. Olympic Boulevard, Suite 600E
Los Angeles, CA 90064
Telephone: (310) 641-1800
Facsimile: (310) 641-1818

Attorneys for Plaintiffs
Derek and Valeria Leininger

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK LEININGER, an individual; VALERIA LEININGER, an individual;<br><br>    Plaintiffs,<br><br>    v.<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Florida corporation; and DOES 1-20, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR BREACH OF WRITTEN CONTRACT AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Derek and Valeria Leininger ("Plaintiffs"), through their attorneys of record, alleges as follows:

This suit concerns the refusal of Commonwealth Land Title Insurance Company ("Commonwealth") to comply with its obligations to Plaintiffs in accordance with the terms of an insurance policy issued by Commonwealth.

1

COMPLAINT

## PARTIES

1.      Plaintiffs are, and at relevant times were, a married couple, residing in the County of Los Angeles, California.

2.      Plaintiffs are informed and believe and thereon allege that defendant Commonwealth was a corporation formed and existing under the law of the State of Florida and was admitted and authorized to transact insurance business in California.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds the sum of $75,000.

4.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and property at issue in the underlying lawsuit, which gives rise to this insurance dispute, occurred in this judicial district.

## THE COMMONWEALTH POLICY

5.      In or around July 2019, Plaintiffs purchased real property located at 2104 Normanton Drive, La Canada-Flintridge, California, 91011-1210, in the County of Los Angeles (the "2104 Property").

6.      In connection with their purchase, Plaintiffs acquired an insurance policy, bearing policy No.: 1-19-118074036 (the "Policy").  A copy of the Policy is attached hereto as **Exhibit "A."**

7.      Though the Policy inconsistently references both Commonwealth and Lawyers Title Company as the insurer, Plaintiffs are informed and believed that the Policy was issued on behalf of Commonwealth, and thereon allege.

8.      The Policy provides that Commonwealth will pay for actual loss resulting from certain Covered Risks, including, as Covered Risk 21, the risk that

Plaintiffs "are forced to remove [their] existing structures because they encroach onto [their] neighbor's land".

9.     The Policy also covered, as Covered Risk 31, the risk that "The residence with the address shown in Schedule A [2104 Normanton Drive] is not located on the Land at the Policy Date." (Covered Risk 31).  The Land was defined in the Policy through reference to a legal description set forth in an exhibit to the Policy.  Generally, this provision provided coverage if there was a discrepancy between the street address of the residence being purchased and the legal description contained in the underlying transfer agreement.

10.     The Policy further provided that Commonwealth would provide a defense to claims for Covered Risks.

## THE UNDERLYING LITIGATION

11.     In or around June 2020, Plaintiffs were served with a verified complaint, Zohrabian et al. v. Leininger et al., Case No. 2OSTCV18116, pending in Superior Court for the County of Los Angeles-Central District (the "Complaint" or "Underlying Action").

12.     The Complaint was brought by the alleged owners of property located at 2106 Normanton Drive, La Canada-Flintridge (the "2106 Property") which is the property immediately next door to the 2104 Property.

13.     The Complaint attached a document purporting to be a survey of the boundary line between the two neighboring properties.  This survey purported to show that a significant portion of the fence that physically divides the 2104 Property from the 2106 Property (both currently and at the time of purchase by Plaintiffs) is located to the west of where the legal description places the boundary line between the two properties.  Based on this survey and the allegations of the Complaint, much of the property that is presently fenced as if it were part of the 2104 Property falls within the legal boundaries of the 2106 Property.  The

COMPLAINT

Complaint alleges that Plaintiffs are therefore unlawfully encroaching on land belonging to the 2106 Property.

14.    The alleged encroachment encompasses a significant amount of property in Plaintiff's back and side yard that would be reasonably understood to be part of the 2104 Property based on the present configuration of the improvements on the Property.  In addition to the fence, the alleged encroachment includes improvements connected to the main structure of the 2104 Property.  As example, a shed is located just next to the main structure on the 2104 Property, roughly seven feet from the kitchen side door.  A concrete patio, which partially surrounds the main structure, connects the shed to the main house of the 2104 Property.  The shed is embedded in this concrete patio.  If the survey attached to the Complaint is correct, then this shed and a significant portion of the concrete patio encircling the main structure, though next to and connected to the main residence at the 2104 Property, falls within the legal description of the 2106 Property.

15.    The present configuration of 2104 Property is the same as it was at the time of Plaintiff's purchase of it.  A reasonable person viewing the location and configuration of the shed, patio, and the fence would have formed the same conclusion that the Plaintiffs did upon purchase—namely that the shed, patio, and fence were all part of the residence that they were purchasing.

16.    The Complaint further alleges that, "commencing no later than 3 years preceding the filing of this Complaint [May 12, 2020]", Plaintiffs erected and maintained a fence and shed that encroaches on Plaintiff's property.  The Complaint named Plaintiffs as defendants to causes of action for trespass and declaratory relief based on this alleged encroachment.  The Complaints seeks, among other relief, compensatory damages for trespass in a sum according to proof but exceeding $25,000 and an order compelling Plaintiffs to remove the fence and shed.

1    17.    The Complaint implicates at least two covered risks of the Policy.

2    18.    Covered Risk 21 of the Policy covers risks that Plaintiffs "are forced

3    to remove [their] existing structures because they encroach onto [their] neighbor's

4    land". The Complaint alleges that existing structures, namely the fence and shed,

5    are on neighboring land and seeks an order removing these structures.

6    19.    Covered Risk 31 of the Policy covers the risk that the residence at the

7    2104 Normanton Drive address is not located within the legal description of the

8    transferred property. If the Complaint's allegations are true, a significant portion

9    of the residence physically located at the 2104 Normanton Drive address is not

10   located within the legal description of the transferred property.

11   **PLAINTIFF'S TENDER OF THE DEFENSE OF THE ACTION AND**

12   **COMMONWEALTH'S REFUSAL TO HONOR ITS OBLIGATIONS**

13   20.    Plaintiffs tendered this underlying complaint on or about June 8,

14   2020, shortly after they were served with it. Plaintiffs asked that the carrier

15   acknowledge that it would provide a defense within seven days of the letter.

16   Plaintiff further requested that its counsel be assigned as defense counsel on the

17   claim.

18   21.    On June 9, rather than acknowledge their defense obligations,

19   Commonwealth asked for further information regarding the underlying transaction

20   requested by Commonwealth. Plaintiffs provided this information the same day.

21   22.    In July 2020, Plaintiffs were served with discovery. On July 7,

22   Plaintiffs informed the carrier of this discovery and asked for Commonwealth to

23   make a determination as soon as possible as to coverage.

24   23.    On July 9, Commonwealth asked Plaintiff's counsel for further

25   information. Plaintiff's counsel provided this information the same day.

26   Plaintiffs' counsel also alerted the carrier of upcoming due dates to respond, the

27   need to move quickly on the defense of this matter, and the need to obtain a

28   survey in order to defend against the allegations in the Complaint.

24.     On July 24, approximately one week before the response to the verified complaint was due, and approximately 10 days before a response to the discovery was due, Commonwealth sent a letter to Plaintiff.  In this letter, Commonwealth admitted (for the first time) that the claim was covered but purported to immediately "end" the coverage for the covered claim.

25.     Commonwealth's purported to end coverage based on condition four of the Policy, which allows ending coverage for specific claims by paying the "actual loss" resulting from a covered claim and those costs, attorneys' fees and expenses incurred up to that time.

26.     Commonwealth, though it claims to have immediately ended coverage in its July 24 letter did not meet the Policy conditions for ending coverage.  Condition 4 can only be invoked, if among other items, Commonwealth pays for the actual loss incurred by a claim.  In its July 24 letter, it did not actually pay, nor offer to pay, the actual loss resulting from the claims.  In fact, no monies were tendered along with the July 24 letter.  Rather, Commonwealth demanded that Plaintiffs obtain estimates from third parties for removing the shed.  The Policy does not require Plaintiffs to hire third parties to prepare estimates to facilitate Commonwealth's desire to prematurely terminate the Policy.  Moreover, the cost of demolition of a structure is not the equivalent to the actual loss of being forced to remove a structure, which would include, among other items, the diminution in value of the Property as a result of the forced removal.  To date, Commonwealth has not paid, nor offered to pay, the actual loss that would be incurred if the subject structures were removed.

27.     Condition 4 also requires payment of costs, attorneys' fees, and expenses, incurred up to the date that the provision is triggered.   Commonwealth has, to date, not paid any of the attorneys' fees, costs, or expenses incurred by Plaintiffs in defending against an admittedly covered claim.  Commonwealth justifies this refusal on the basis that it did not pre-approve any defense costs.

However, Commonwealth has unreasonably denied all of Plaintiffs' requests that a defense be provided, including specific requests for defense work that is reasonable and necessary and requests for reimbursement for such work.  In fact, to date, Commonwealth has neither paid for, nor authorized any defense work, despite the fact it was aware of mandatory legal deadlines (such as filing a response to a verified complaint to avoid being defaulted) that needed to be met to avoid prejudicing its insured's interest.

28.     Commonwealth has also taken the position that Section 31 which provides coverage for losses based on discrepancies between the address of the residence and the Land as defined in the Policy does not apply.  This provision facially applies as, if the survey attached to the Complaint is accurate, then a significant portion of the residence at the 2104 Normanton address, including a shed embedded in a patio that is contiguous to the main house of the property, is not within the description of Land in the Policy.

29.     Despite the plain language of this provision, Commonwealth has taken the position that Section 31 only applies if the residence is *entirely* not located on the Land, but it does not apply if the residence is *partially* not located on the Land.  However, if Commonwealth meant to limit the reach of this provision to situations where the residence was entirely outside the legal description boundaries, but not to situations where some portion of the residence was outside the legal description boundaries, it should have so stated.  The Policy contains no such limitation.

30.     Plaintiffs have sent several letters to Commonwealth, along with supporting documentation, trying to get Commonwealth to reconsider its erroneous positions and provide a defense.  To date, Commonwealth has refused to do so, has never provided a defense, and has not reimbursed Plaintiffs for any of their reasonable and necessary defense costs.

COMPLAINT

## FIRST CAUSE OF ACTION

### (Breach of Contract)

31.     Plaintiffs incorporate by reference herein paragraphs 1 through 30 inclusive.

32.     Plaintiffs have timely performed all conditions required under the Policy.

33.     Commonwealth has breached its obligations under the Policy by refusing to timely and fully defend Plaintiffs against the claims asserted in the Underlying Action.

34.     As a direct and proximate result of Commonwealth's breach of its obligations to defend, Plaintiffs have sustained losses, including reasonable attorneys' fees and costs, costs and expenses, and other costs that Plaintiffs have incurred and will continue to incur in defending the claims associated with the Underlying Action.

## SECOND CAUSE OF ACTION

### (Declaratory Relief: Duty to Defend)

35.     Plaintiffs incorporate by reference herein paragraphs 1 through 34, inclusive.

36.     An actual controversy presently exists between Plaintiffs and Commonwealth regarding Commonwealth's ongoing duties to Plaintiffs with respect to the Underlying Action.

37.     The claims alleged in the Underlying Action give rise to a potential for coverage under the terms of the Policy. Therefore, Commonwealth is obligated to defend Plaintiffs against the Underlying Action, and to reimburse Plaintiffs for all expenses incurred in connection with the investigation, negotiation, settlement and defense of the Underlying Action.  Moreover, if the relief requested in the Underlying Action is granted, Commonwealth would be obligated to pay all actual losses incurred by Plaintiffs as a result.

38.     Plaintiffs are informed and believe and thereupon allege that Commonwealth contends that it is not obligated to defend Plaintiffs or reimburse costs that Plaintiffs incur defending against the Underlying Actions, or to pay actual losses that may be incurred by Plaintiffs if the relief sought in the Underlying Action is granted.

39.     Plaintiffs desire a judicial determination and declaration that Commonwealth is obligated to provide Plaintiffs with an immediate, full, and complete defense against the Underlying Action, and that Commonwealth is obligated to pay actual losses that may be incurred by Plaintiffs if the relief sought in the Underlying Action is granted.  A judicial declaration of Commonwealth's ongoing duty to defend Plaintiffs is necessary and appropriate at this time because Plaintiffs are actively defending themselves against the Underlying Action and have incurred legal fees.

## THIRD CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

40.     Plaintiffs incorporate by reference herein paragraphs 1 through 39, inclusive.

41.     The Policy obligates Commonwealth to deal fairly and in good faith with Plaintiffs in connection with their claim for defense of the Underlying Action. Among other obligations, Commonwealth is required to refrain from doing anything that would (i) frustrate the agreed upon purposes of the Policy, (ii) injure Plaintiffs' right to receive the benefits of the Policy, or (iii) fail to give at least equal regard to Plaintiffs' interests in securing their coverage rights as Commonwealth has given to its own interests in attempting to avoid that expense.

42.     Commonwealth has breached its duties by engaging in unreasonable conduct, including without limitation the following:

COMPLAINT

a.    Commonwealth has wrongfully refused to defend Plaintiffs in the Underlying Action, even though Commonwealth has a clear duty to do so pursuant to the Policy and California law;

b.    Commonwealth has delayed acknowledging its coverage obligations, though such obligations were apparent on the face of the policy, so that it could develop a potential basis for prematurely ending such coverage;

c.    Commonwealth failed to properly investigate, evaluate, and process Plaintiffs' insurance claims in a fair and even-handed manner consistent with governing California law;

d.    Commonwealth has improperly given greater weight to its own interest in avoiding its defense obligation than it accorded to Plaintiffs' interest in a prompt and complete defense of the Underlying Action; and

e.    Commonwealth has unreasonably exposed Plaintiffs to significant damage and expense by forcing them to litigate to compel Plaintiffs to comply with its obligations under the Policy.

43.    As a proximate cause of Commonwealth's breach of its duty to deal fairly and in good faith, Plaintiffs have incurred, and will continue to incur, substantial damages including out-of-pocket expenses to vindicate their right to a complete defense of the Underlying Action (so-called "*Brandt* fees" under California law), interest on the monies due from Commonwealth, and attorneys' fees, costs, and interest thereon, the exact amount of which is yet to be determined, as well as emotional distress damages.

44.    Plaintiffs are entitled to recover all damages proximately caused by or attributed to Commonwealth's unreasonable conduct, the amount of which will be proven at or before the time of trial.

COMPLAINT

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Commonwealth as follows:

1.    On the First Cause of Action:

    a.    For an order declaring that Commonwealth has breached its obligation to defend Plaintiffs against the claims asserted in the Underlying Action;

    b.    For compensatory damages in an amount to be proven at trial, including attorneys' fees, costs and expenses, and interest thereon;

    c.    For such other and further relief as the Court deems just and proper.

2.    On the Second Cause of Action:

    a.    For an order declaring that Commonwealth owes a duty under the Policy to defend Plaintiffs against the Underlying Action; and

    b.    For attorneys' fees and costs, and such other relief as the Court deems just and proper.

3.    On the Third Cause of Action:

    a.    For an order declaring that Commonwealth has breached its covenant of good faith and fair dealing owed to Plaintiffs under the Policy;

    b.    For compensatory damages in an amount to be proven at trial, including emotional distress damages and attorneys' fees (*Brandt* fees), costs and expenses and interest thereon; and

    c.    For any such other relief as the Court deems just and proper

By: _____*/s/ Joshua Levine*_____
JOSHUA LEVINE
Attorneys for Plaintiff,
Plaintiffs Derek and Valeria Leininger

COMPLAINT

1

## JURY DEMAND

2

3    Plaintiffs demand a trial by jury on all issues triable.

4

5                                   By:_____/s/ Joshua Levine_____

6                                          JOSHUA LEVINE
                                           Attorneys for Plaintiff,
7                                          Plaintiffs Derek and Valeria Leininger

8    S:\Active Cases\2515-001 Leinengers adv Zohrabian\Pleadings\Federal Action\2021.01.06 DRAFT Complaint.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A



Lawyers Title Company
7530 N. Glenoaks Blvd.
Burbank, CA 91504
Phone: (818) 767-2000
Fax: (818) 504-4937

MAIL TO:
MR. AND MRS. DEREK LEININGER
2104 NORMANTON DR.
LA CANADA FLINTRIDGE, CALIFORNIA 91101

July 8, 2019

YOUR REF:      02-34469-019
OUR NO.:       **118074036**
POLICY NO.:    **CA-FXDB-ICL-81451-1-19-118074036**
Property:       2104 Normanton Drive, La Canada Flintridge, California

Dear Customer:

Attached please find your ALTA Homeowner's 2013 Policy of title insurance.

NOTE:  Your policy is a computer generated product.  Although lacking color and "live" signatures, it is the original of your policy.

Thank you for selecting **Lawyers Title Company** for your transactional management needs.

Enclosure

**POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036**

This policy has been issued through the offices of



Lawyers Title Company
7530 N. Glenoaks Blvd.
Burbank, CA 91504
Phone: (818) 767-2000
Fax: (818) 504-4937

We wish to take this opportunity to thank you for allowing us to assist you in your recent real estate transaction. We appreciate your confidence in us and take pride in our ability to service all your title needs.

The enclosed title policy was carefully prepared in accordance with your agent's instruction and should be kept in a safe place with your other important documents as it continues to protect you as long as you have an interest in the subject real property.

We hope we can be of assistance to you in all your future real estate transactions.

Cordially,

James M. John

POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036



# HOMEOWNER'S POLICY OF TITLE INSURANCE
## For a one-to-four family residence
*Issued by*

## Commonwealth Land Title Insurance Company

### OWNER'S INFORMATION SHEET

Your Title Insurance Policy is a legal contract between You and Us.

It applies only to a one-to-four family residence and only if each insured named in Schedule A is a Natural Person. If the Land described in Schedule A of the Policy is not an improved residential lot on which there is located a one-to-four family residence, or if each insured named in Schedule A is not a Natural Person, contact Us immediately.

The Policy insures You against actual loss resulting from certain Covered Risks. These Covered Risks are listed beginning on page 3 of the Policy. The Policy is limited by:

- Provisions of Schedule A
- Exceptions in Schedule B
- Our Duty To Defend Against Legal Actions On Page 7
- Exclusions on page 8
- Conditions on page 9.

You should keep the Policy even if You transfer Your Title to the Land. It may protect against claims made against You by someone else after You transfer Your Title.

**IF YOU WANT TO MAKE A CLAIM, SEE SECTION 3 UNDER CONDITIONS ON PAGE 10.**

The premium for this Policy is paid once. No additional premium is owed for the Policy.

This sheet is not Your insurance Policy. It is only a brief outline of some of the important Policy features. The Policy explains in detail Your rights and obligations and Our rights and obligations. Since the Policy – and not this sheet – is the legal document,

**YOU SHOULD READ THE POLICY VERY CAREFULLY.**

If You have any questions about Your Policy, contact:

Commonwealth Land Title Insurance Company, P.O. Box 45023, Jacksonville, FL 32232-5023

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association.

POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036

# HOMEOWNER'S POLICY OF TITLE INSURANCE
## For a one-to-four family residence

*Issued by*

## Commonwealth Land Title Insurance Company

### TABLE OF CONTENTS

OWNER'S COVERAGE STATEMENT ................................................................................................... 3
COVERED RISKS ............................................................................................................................... 3
OUR DUTY TO DEFEND AGAINST LEGAL ACTIONS ................................................................................ 7

EXCLUSIONS .................................................................................................................................... 8
CONDITIONS
    1.   Definitions ................................................................................................................ 9
    2.   Continuation of Coverage .......................................................................................... 9
    3.   How to Make a Claim ................................................................................................ 10
    4.   Our Choices When We Learn of a Claim ..................................................................... 10
    5.   Handling a Claim or Legal Action ............................................................................... 11
    6.   Limitation of Our Liability .......................................................................................... 11
    7.   Transfer of Your Rights to Us ..................................................................................... 12
    8.   This Policy is the Entire Contract ............................................................................... 13
    9.   Increased Policy Amount ........................................................................................... 13
    10.  Severability ............................................................................................................. 13
    11.  Arbitration .............................................................................................................. 13
    12.  Choice of Law ......................................................................................................... 13

SCHEDULE A .................................................................................................................................... 14
    Policy Number, Premium, Date and Time and Amount
    Deductible Amounts and Maximum Dollar Limits of Liability
    Street Address of the Land
    1.   Name of Insured
    2.   Interest in Land Covered
    3.   Description of the Land

SCHEDULE B – EXCEPTIONS ............................................................................................................. 16

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association.

POLICY NO.: CA-FXDB-ICL-81451-1-19-118074036

# HOMEOWNER'S POLICY OF TITLE INSURANCE
## For a one-to-four family residence
### *Issued by*

## Commonwealth Land Title Insurance Company

**As soon as You Know of anything that might be covered by this Policy, You must notify Us promptly in writing at the address shown in Section 3 of the Conditions.**

### OWNER'S COVERAGE STATEMENT

This Policy insures You against actual loss, including any costs, attorneys' fees and expenses provided under this Policy. The loss must result from one or more of the Covered Risks set forth below. This Policy covers only Land that is an improved residential lot on which there is located a one-to-four family residence and only when each insured named in Schedule A is a Natural Person.

Your insurance is effective on the Policy Date.  This Policy covers Your actual loss from any risk described under Covered Risks if the event creating the risk exists on the Policy Date or, to the extent expressly stated in Covered Risks, after the Policy Date.

Your insurance is limited by all of the following:

- The Policy Amount
- For Covered Risk 16, 18, 19 and 21, Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A
- The Exceptions in Schedule B
- Our Duty To Defend Against Legal Actions
- The Exclusions on page 8
- The Conditions on page 9.

### COVERED RISKS

The Covered Risks are:

1.     Someone else owns an interest in Your Title.

2.     Someone else has rights affecting Your Title because of leases, contracts, or options.

3.     Someone else claims to have rights affecting Your Title because of forgery or impersonation.

4.     Someone else has an easement on the Land.

5.     Someone else has a right to limit Your use of the Land.

6.     Your Title is defective.  Some of these defects are:

   a.     Someone else's failure to have authorized a transfer or conveyance of your Title.

   b.     Someone else's failure to create a valid document by electronic means.

   c.     A document upon which Your Title is based is invalid because it was not properly signed, sealed, acknowledged, delivered or recorded.

   d.     A document upon which Your Title is based was signed using a falsified, expired, or otherwise invalid power of attorney.

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association.

POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036

    e.    A document upon which Your Title is based was not properly filed, recorded, or indexed in the Public Records.

    f.    A defective judicial or administrative proceeding.

7.    Any of Covered Risks 1 through 6 occurring after the Policy Date.

8.    Someone else has a lien on Your Title, including a:

    a.    lien of real estate taxes or assessments imposed on Your Title by a governmental authority that are due or payable, but unpaid;

    b.    Mortgage;

    c.    judgment, state or federal tax lien;

    d.    charge by a homeowner's or condominium association; or

    e.    lien, occurring before or after the Policy Date, for labor and material furnished before the Policy Date.

9.    Someone else has an encumbrance on Your Title.

10.    Someone else claims to have rights affecting Your Title because of fraud, duress, incompetency or incapacity.

11.    You do not have actual vehicular and pedestrian access to and from the Land, based upon a legal right.

12.    You are forced to correct or remove an existing violation of any covenant, condition or restriction affecting the Land, even if the covenant, condition or restriction is excepted in Schedule B. However, You are not covered for any violation that relates to:

    a.    any obligation to perform maintenance or repair on the Land; or

    b.    environmental protection of any kind, including hazardous or toxic conditions or substances

unless there is a notice recorded in the Public Records, describing any part of the Land, claiming a violation exists. Our liability for this Covered Risk is limited to the extent of the violation stated in that notice.

13.    Your Title is lost or taken because of a violation of any covenant, condition or restriction, which occurred before You acquired Your Title, even if the covenant, condition or restriction is excepted in Schedule B.

14.    The violation or enforcement of those portions of any law or government regulation concerning:

    a.    building;

    b.    zoning;

    c.    land use;

    d.    improvements on the Land;

    e.    land division; or

    f.    environmental protection,

if there is a notice recorded in the Public Records, describing any part of the Land, claiming a violation exists or declaring the intention to enforce the law or regulation. Our liability for this Covered Risk is limited to the extent of the violation or enforcement stated in that notice.

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association.

POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036

15.    An enforcement action based on the exercise of a governmental police power not covered by Covered Risk 14 if there is a notice recorded in the Public Records, describing any part of the Land, of the enforcement action or intention to bring an enforcement action. Our liability for this Covered Risk is limited to the extent of the enforcement action stated in that notice.

16.    Because of an existing violation of a subdivision law or regulation affecting the Land:

    a.    You are unable to obtain a building permit;

    b.    You are required to correct or remove the violation; or

    c.    someone else has a legal right to, and does, refuse to perform a contract to purchase the Land, lease it or make a Mortgage loan on it.

The amount of Your insurance for this Covered Risk is subject to Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

17.    You lose Your Title to any part of the Land because of the right to take the Land by condemning it, if:

    a.    there is a notice of the exercise of the right recorded in the Public Records and the notice describes any part of the Land; or

    b.    the taking happened before the Policy Date and is binding on You if You bought the Land without Knowing of the taking.

18.    You are forced to remove or remedy Your existing structures, or any part of them – other than boundary walls or fences – because any portion was built without obtaining a building permit from the proper government office. The amount of Your insurance for this Covered Risk is subject to Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

19.    You are forced to remove or remedy Your existing structures, or any part of them, because they violate an existing zoning law or zoning regulation. If You are required to remedy any portion of Your existing structures, the amount of Your insurance for this Covered Risk is subject to Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

20.    You cannot use the Land because use as a single-family residence violates an existing zoning law or zoning regulation.

21.    You are forced to remove Your existing structures because they encroach onto Your neighbor's land. If the encroaching structures are boundary walls or fences, the amount of Your insurance for this Covered Risk is subject to Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

22.    Someone else has a legal right to, and does, refuse to perform a contract to purchase the Land, lease it or make a Mortgage loan on it because Your neighbor's existing structures encroach onto the Land.

23.    You are forced to remove Your existing structures which encroach onto an easement or over a building set-back line, even if the easement or building set-back line is excepted in Schedule B.

24.    Your existing structures are damaged because of the exercise of a right to maintain or use any easement affecting the Land, even if the easement is excepted in Schedule B.

---

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association. 

POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036

25.     Your existing improvements (or a replacement or modification made to them after the Policy Date), including lawns, shrubbery or trees, are damaged because of the future exercise of a right to use the surface of the Land for the extraction or development of minerals, water or any other substance, even if those rights are excepted or reserved from the description of the Land or excepted in Schedule B.

26.     Someone else tries to enforce a discriminatory covenant, condition or restriction that they claim affects Your Title which is based upon race, color, religion, sex, handicap, familial status, or national origin.

27.     A taxing authority assesses supplemental real estate taxes not previously assessed against the Land for any period before the Policy Date because of construction or a change of ownership or use that occurred before the Policy Date.

28.     Your neighbor builds any structures after the Policy Date – other than boundary walls or fences – which encroach onto the Land.

29.     Your Title is unmarketable, which allows someone else to refuse to perform a contract to purchase the Land, lease it or make a Mortgage loan on it.

30.     Someone else owns an interest in Your Title because a court order invalidates a prior transfer of the title under federal bankruptcy, state insolvency, or similar creditors' rights laws.

31.     The residence with the address shown in Schedule A is not located on the Land at the Policy Date.

32.     The map, if any, attached to this Policy does not show the correct location of the Land according to the Public Records.

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association.

POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036

**OUR DUTY TO DEFEND AGAINST LEGAL ACTIONS**

We will defend Your Title in any legal action only as to that part of the action which is based on a Covered Risk and which is not excepted or excluded from coverage in this Policy. We will pay the costs, attorneys' fees, and expenses We incur in that defense.

We will not pay for any part of the legal action which is not based on a Covered Risk or which is excepted or excluded from coverage in this Policy.

We can end Our duty to defend Your Title under Section 4 of the Conditions.

**THIS POLICY IS NOT COMPLETE WITHOUT SCHEDULES A AND B.**

**Commonwealth Land Title Insurance Company**

Countersigned:

By: _____
Authorized Officer or Agent

SEAL

By: _____    President

ATTEST    _____    Secretary

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association. 

**POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036**

**EXCLUSIONS**

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.    Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:

   a.    building;

   b.    zoning;

   c.    land use;

   d.    improvements on the Land;

   e.    land division; and

   f.    environmental protection.

   This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2.    The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes.  This Exclusion does not limit the coverage described in Covered Risk 14 or 15.

3.    The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.

4.    Risks:

   a.    that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;

   b.    that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

   c.    that result in no loss to You; or

   d.    that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.

5.    Failure to pay value for Your Title.

6.    Lack of a right:

   a.    to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and

   b.    in streets, alleys, or waterways that touch the Land.

   This Exclusion does not limit the coverage described in Covered Risk 11 or 21.

7.    The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.

8.    Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

9.    Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

---

ALTA Homeowner's Policy of Title Insurance (12-2-13)                                                                                Page 8

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association.

**POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036**

# HOMEOWNER'S POLICY OF TITLE INSURANCE
# For a one-to-four family residence
*Issued by*

## Commonwealth Land Title Insurance Company

## CONDITIONS

1. DEFINITIONS

   a.  Easement – the right of someone else to use the Land for a special purpose.

   b.  Estate Planning Entity – A legal entity or Trust established by a Natural Person for estate planning.

   c.  Known – things about which You have actual knowledge. The words "Know" and "Knowing" have the same meaning as Known.

   d.  Land – the land or condominium unit described in paragraph 3 of Schedule A and any improvements on the Land which are real property.

   e.  Mortgage – a mortgage, deed of trust, trust deed or other security instrument.

   f.  Natural Person – a human being, not a commercial or legal organization or entity. Natural Person includes a trustee of a Trust even if the trustee is not a human being.

   g.  Policy Date – the date and time shown in Schedule A. If the insured named in Schedule A first acquires the interest shown in Schedule A by an instrument recorded in the Public Records later than the date and time shown in Schedule A, the Policy Date is the date and time the instrument is recorded.

   h.  Public Records – records that give constructive notice of matters affecting Your Title, according to the state statutes where the Land is located.

   i.  Title – the ownership of Your interest in the Land, as shown in Schedule A.

   j.  Trust – a living trust established by a Natural Person for estate planning.

   k.  We/Our/Us – Commonwealth Land Title Insurance Company

   l.  You/Your – the insured named in Schedule A and also those identified in Section 2.b. of these Conditions.

2. CONTINUATION OF COVERAGE

   a.  This Policy insures You forever, even after You no longer have Your Title. You cannot assign this Policy to anyone else.

   b.  This Policy also insures:

      (1)  anyone who inherits Your Title because of Your death;

      (2)  Your spouse who receives Your Title because of dissolution of Your marriage;

      (3)  the trustee or successor trustee of Your Trust or any Estate Planning Entity created for You to whom or to which You transfer Your Title after the Policy Date;

      (4)  the beneficiaries of Your Trust upon Your death; or

      (5)  anyone who receives Your Title by a transfer effective on Your death as authorized by law.

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association. 

**POLICY NO.: CA-FXDB-ICL-81451-1-19-118074036**

    c.    We may assert against the insureds identified in Section 2.b. any rights and defenses that We have against any previous insured under this Policy.

3.    <u>HOW TO MAKE A CLAIM</u>

    a.    <u>Prompt Notice Of Your Claim</u>

        (1)    As soon as You Know of anything that might be covered by this Policy, You must notify Us promptly in writing.

        (2)    Send Your notice to Commonwealth Land Title Insurance Company, Attention: Claims Department, P.O. Box 45023, Jacksonville, FL 32232-5023. Please include the Policy number shown in Schedule A, and the county and state where the Land is located. Please enclose a copy of Your policy, if available.

        (3)    If You do not give Us prompt notice, Your coverage will be reduced or ended, but only to the extent Your failure affects Our ability to resolve the claim or defend You.

    b.    <u>Proof Of Your Loss</u>

        (1)    We may require You to give Us a written statement signed by You describing Your loss which includes:

            (a)    the basis of Your claim;

            (b)    the Covered Risks which resulted in Your loss;

            (c)    the dollar amount of Your loss; and

            (d)    the method You used to compute the amount of Your loss.

        (2)    We may require You to make available to Us records, checks, letters, contracts, insurance policies and other papers which relate to Your claim. We may make copies of these papers.

        (3)    We may require You to answer questions about Your claim under oath.

        (4)    If you fail or refuse to give Us a statement of loss, answer Our questions under oath, or make available to Us the papers We request, Your coverage will be reduced or ended, but only to the extent Your failure or refusal affects Our ability to resolve the claim or defend You.

4.    <u>OUR CHOICES WHEN WE LEARN OF A CLAIM</u>

    a.    After We receive Your notice, or otherwise learn, of a claim that is covered by this Policy, Our choices include one or more of the following:

        (1)    Pay the claim;

        (2)    Negotiate a settlement;

        (3)    Bring or defend a legal action related to the claim;

        (4)    Pay You the amount required by this Policy;

        (5)    End the coverage of this Policy for the claim by paying You Your actual loss resulting from the Covered Risk, and those costs, attorneys' fees and expenses incurred up to that time which We are obligated to pay;

        (6)    End the coverage described in Covered Risk 16, 18, 19 or 21 by paying You the amount of Your insurance then in force for the particular Covered Risk, and

---

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association. 

POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036

those costs, attorneys' fees and expenses incurred up to that time which We are obligated to pay;

(7)    End all coverage of this Policy by paying You the Policy Amount then in force, and those costs, attorneys' fees and expenses incurred up to that time which We are obligated to pay;

(8)    Take other appropriate action.

b.    When We choose the options in Sections 4.a. (5), (6) or (7), all Our obligations for the claim end, including Our obligation to defend, or continue to defend, any legal action.

c.    Even if We do not think that the Policy covers the claim, We may choose one or more of the options above. By doing so, We do not give up any rights.

5.    <u>HANDLING A CLAIM OR LEGAL ACTION</u>

a.    You must cooperate with Us in handling any claim or legal action and give Us all relevant information.

b.    If You fail or refuse to cooperate with Us, Your coverage will be reduced or ended, but only to the extent Your failure or refusal affects Our ability to resolve the claim or defend You.

c.    We are required to repay You only for those settlement costs, attorneys' fees and expenses that We approve in advance.

d.    We have the right to choose the attorney when We bring or defend a legal action on Your behalf.  We can appeal any decision to the highest level.  We do not have to pay Your claim until the legal action is finally decided.

e.    Whether or not We agree there is coverage, We can bring or defend a legal action, or take other appropriate action under this Policy.  By doing so, We do not give up any rights.

6.    <u>LIMITATION OF OUR LIABILITY</u>

a.    After subtracting Your Deductible Amount if it applies, We will pay no more than the least of:

(1)    Your actual loss;

(2)    Our Maximum Dollar Limit of Liability then in force for the particular Covered Risk, for claims covered only under Covered Risk 16, 18, 19 or 21; or

(3)    the Policy Amount then in force.

and any costs, attorneys' fees and expenses that We are obligated to pay under this Policy.

b.    If We pursue Our rights under Sections 4.a.(3) and 5.e. of these Conditions and are unsuccessful in establishing the Title, as insured:

(1)    the Policy Amount then in force will be increased by 10% of the Policy Amount shown in Schedule A, and

(2)    You shall have the right to have the actual loss determined on either the date the claim was made by You or the date it is settled and paid.

c.    (1)    If We remove the cause of the claim with reasonable diligence after receiving notice of it, all Our obligations for the claim end, including any obligation for loss You had while We were removing the cause of the claim.

(2)    Regardless of 6.c.(1) above, if You cannot use the Land because of a claim covered by this Policy:

(a)    You may rent a reasonably equivalent substitute residence and We will repay You for the actual rent You pay, until the earlier of:

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association.

POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036

(i)    the cause of the claim is removed; or

(ii)    We pay You the amount required by this Policy.  If Your claim is covered only under Covered Risk 16, 18, 19 or 21, that payment is the amount of Your insurance then in force for the particular Covered Risk.

(b)    We will pay reasonable costs You pay to relocate any personal property You have the right to remove from the Land, including transportation of that personal property for up to twenty-five (25) miles from the Land, and repair of any damage to that personal property because of the relocation. The amount We will pay You under this paragraph is limited to the value of the personal property before You relocate it.

d.    All payments We make under this Policy reduce the Policy Amount then in force except for costs, attorneys' fees and expenses. All payments We make for claims which are covered only under Covered Risk 16, 18, 19 or 21 also reduce Our Maximum Dollar Limit of Liability for the particular Covered Risk, except for costs, attorneys' fees and expenses.

e.    If We issue, or have issued, a Policy to the owner of a Mortgage that is on Your Title and We have not given You any coverage against the Mortgage, then:

(1)    We have the right to pay any amount due You under this Policy to the owner of the Mortgage, and any amount paid shall be treated as a payment to You under this Policy, including under Section 4.a. of these Conditions;

(2)    Any amount paid to the owner of the Mortgage shall be subtracted from the Policy Amount then in force; and

(3)    If Your claim is covered only under Covered Risk 16, 18, 19 or 21, any amount paid to the owner of the Mortgage shall also be subtracted from Our Maximum Dollar Limit of Liability for the particular Covered Risk.

f.    If You do anything to affect any right of recovery You may have against someone else, We can subtract from Our liability the amount by which You reduced the value of that right.

7.    <u>TRANSFER OF YOUR RIGHTS TO US</u>

a.    When We settle Your claim, We have all the rights and remedies You have against any person or property related to the claim. You must not do anything to affect these rights and remedies. When We ask, You must execute documents to evidence the transfer to Us of these rights and remedies. You must let Us use Your name in enforcing these rights and remedies.

b.    We will not be liable to You if We do not pursue these rights and remedies or if We do not recover any amount that might be recoverable.

c.    We will pay any money We collect from enforcing these rights and remedies in the following order:

(1)    to Us for the costs, attorneys' fees and expenses We paid to enforce these rights and remedies;

(2)    to You for Your loss that You have not already collected;

(3)    to Us for any money We paid out under this Policy on account of Your claim; and

(4)    to You whatever is left.

d.    If You have rights and remedies under contracts (such as indemnities, guaranties, bonds or other policies of insurance) to recover all or part of Your loss, then We have all of those rights and remedies, even if those contracts provide that those obligated have all of Your rights and remedies under this Policy.

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association.



**POLICY NO.:  CA-FXDB-ICL-81451-1-19-118074036**

8.    <u>THIS POLICY IS THE ENTIRE CONTRACT</u>

This Policy, with any endorsements, is the entire contract between You and Us. To determine the meaning of any part of this Policy, You must read the entire Policy and any endorsements. Any changes to this Policy must be agreed to in writing by Us. Any claim You make against Us must be made under this Policy and is subject to its terms.

9.    <u>INCREASED POLICY AMOUNT</u>

The Policy Amount then in force will increase by ten percent (10%) of the Policy Amount shown in Schedule A each year for the first five years following the Policy Date shown in Schedule A, up to one hundred fifty percent (150%) of the Policy Amount shown in Schedule A. The increase each year will happen on the anniversary of the Policy Date shown in Schedule A.

10.    <u>SEVERABILITY</u>

If any part of this Policy is held to be legally unenforceable, both You and We can still enforce the rest of this Policy.

11.    <u>ARBITRATION</u>

  a. If permitted in the state where the Land is located, You or We may demand arbitration.

  b. The law used in the arbitration is the law of the state where the Land is located.

  c. The arbitration shall be under the Title Insurance Arbitration Rules of the American Land Title Association ("Rules"). You can get a copy of the Rules from Us.

  d. Except as provided in the Rules, You cannot join or consolidate Your claim or controversy with claims or controversies of other persons.

  e. The arbitration shall be binding on both You and Us. The arbitration shall decide any matter in dispute between You and Us.

  f. The arbitration award may be entered as a judgment in the proper court.

12.    <u>CHOICE OF LAW</u>

The law of the state where the Land is located shall apply to this policy.

 **Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association. 

# HOMEOWNER'S POLICY OF TITLE INSURANCE
## For a one-to-four family residence

## SCHEDULE A

Name and Address of Title Insurance Company:    Lawyers Title Company
7530 N. Glenoaks Blvd.
Burbank, CA 91504

Order No.: **118074036-129-NN**                  Policy No.: **CA-FXDB-ICL-81451-1-19-118074036**

Premium: **$2,676.00**                           Policy Amount: **$1,165,000.00**

Policy Date and Time: **June 28, 2019** at **08:00 AM**

Deductible Amounts and Maximum Dollar Limits of Liability
For Covered Risk 16, 18, 19 and 21:

|  | **Your Deductible Amount** | **Our Maximum Dollar Limit of Liability** |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

Street Address of the Land:   2104 Normanton Drive, La Canada Flintridge, California

1.    Name of Insured:

   **Derek Leininger and Valeria Leininger, husband and wife as community property**

2.    Your interest in the Land covered by this Policy is:

   **A FEE**

3.    The Land referred to in this policy is described as follows:

   **See Exhibit A attached hereto and made a part hereof.**

ALTA Homeowner's Policy of Title Insurance (12-2-13)                                      Page 14

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association. 

**Policy No.:** CA-FXDB-ICL-81451-1-19-118074036                    **File No.:** 118074036-129-NN

# EXHIBIT A

# LEGAL DESCRIPTION

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

Lot 14 of Tract No. 24112, in the City of La Canada Flintridge, County of Los Angeles, State of California, as per map recorded in Book 677 Page 77 to of Maps, in the office of the County Recorder of said County.

Assessor's Parcel Number:        5870-032-017

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association.

**Policy No.:** CA-FXDB-ICL-81451-1-19-118074036                    **File No.:** 118074036-129-NN

HOMEOWNER'S POLICY OF TITLE INSURANCE
For a one-to-four family residence
Issued By

**Commonwealth Land Title Insurance Company**

SCHEDULE B

EXCEPTIONS

In addition to the Exclusions, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

A.   Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2019-2020.

B.   The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 (commencing with Section 75) or Part 2, Chapter 3, Articles 3 and 4, respectively, of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

1.   Water rights, claims or title to water, whether or not disclosed by the public records.

2.   Any easements not disclosed by those public records which impart constructive notice and which are not visible and apparent from an inspection of the surface of said land.

3.   All easements, offers and dedications as shown on the official map

Tract of:                               24112

Reference is hereby made to said document for full particulars.

4.   A deed of trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby.
Amount:                           $932,000.00
Dated:                              June 26, 2019
Trustor:                            Derek Leininger and Valeria Leininger, husband and wife as community property
Trustee:                            Lawyers Title Company
Beneficiary:                       Mortgage Electronic Registration Systems, Inc., ("MERS"), solely as nominee for Movement Mortgage, LLC, a LLC, its successors and/or assigns
Recorded:                         June 28, 2019 as Instrument No. 20190623754, of Official Records
Loan No.:                         2861532

**END OF SCHEDULE B**

Endorsements:  NONE

ALTA Homeowner's Policy of Title Insurance (12-2-13)                                                          Page 16

**Copyright American Land Title Association. All rights reserved.** The use of this Form is restricted to ALTA Licensees and ALTA Members in good standing as of the date of use.  All other uses are prohibited. Reprinted under license from the American Land Title Association.



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

Order: 118074036                          Page 1 of 1                Requested By: sergiopimentel, Printed: 8/23/2018 10:27 AM
Doc: CALOSA:MASS 5870-00032